### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JONATHAN B.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 21 C 4567 |
| v. | ) |
| | )   Magistrate Judge Gabriel A. Fuentes |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security,[2] | ) |
| | ) |
|     Defendant. | ) |

### ORDER[3]

Before the Court is Plaintiff Jonathan B.'s motion to remand the Administrative Law Judge's ("ALJ") opinion denying his application for disability benefits (D.E. 17) and Defendant's motion to affirm (D.E. 24).

**I.      Procedural History**

Plaintiff filed an application for Supplemental Security Insurance ("SSI") and Disability Insurance Benefits ("DIB") on March 24, 2017, alleging that he became disabled on November 8, 2013. (R.13, 37-38.) His date last insured ("DLI") was December 31, 2013. (R. 1847.) Thereafter, Plaintiff filed an appeal of the decision, and after a hearing before an Administrative Law Judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified, the ALJ upheld the

---

[1] The Court in this opinion is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] The Court substitutes Martin O'Malley for his predecessor, Kilolo Kijakazi, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On September 7, 2021, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 10.)

determination that Plaintiff was not disabled and the Appeals Council subsequently denied review.[4] (R. 1841, 1901.) This appeal followed.

## II. ALJ's DECISION

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. (R.1844.) The ALJ found at Step One that Plaintiff had not engaged in substantial gainful activity since his onset date of November 8, 2013. (*Id*.) At Step Two, the ALJ found that Plaintiff had the severe impairments of diabetes, bilateral shoulder degenerative joint disease, affective disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD") (*Id*.) At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. (*Id.*) In making this finding the ALJ evaluated the Paragraph B criteria for evaluating mental impairments, finding that he had moderate limitations in all four criteria - understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. (R. 1849.)

Before Step Four, the ALJ assessed the Plaintiff's residual functional capacity ("RFC"), defining it in considerable detail. Specifically, the ALJ found that Plaintiff had the RFC to:

> Lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, no limitation in his ability to sit, stand or walk, and may never crawl or climb ladders, ropes or scaffolds. He can never reach overhead with either upper extremity, but can frequently reach in all other directions with either arm, perform fine and gross manipulation and feeling frequently but not constantly, and cannot perform actions that require any forceful grasping or torquing, precision manipulation such as the use of tweezers, or fine tactile discrimination. Plaintiff also cannot use vibrating hand tools and is limited to working in non-hazardous environments and should avoid concentrated exposure to unguarded hazardous machinery. With respect to limitations related to his mental impairments, Plaintiff is limited to simple, routine tasks, work involving no more than simple decision-making, nor more than occasional and minor changes in the work setting, and work requiring the exercise

---

[4] The decision before us for review is the second decision by ALJ Studzinski in this case; the Commissioner agreed to a voluntary remand of the ALJ's first opinion. (R. 1897.)

of only simple judgment. Plaintiff is not capable of multitasking or performing work that requires considerable self-direction and can work at an average production pace but not at a significantly above average or highly variable pace, and cannot work at jobs that require direct public service, either in-person or over the phone although he can tolerate brief and superficial interaction with the public that is incidental to his primary job duties. Furthermore, Plaintiff is incapable of working in crowded, hectic environments and can tolerate brief and superficial interaction with supervisors and co-workers, but not engage in any tandem tasks. (R. 1849-50.)

At Step Four, the ALJ found that Plaintiff was unable to perform his past work as a security guard or industrial cleaner, (R. 1859), but at Step Five concluded that based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, there were a significant number of jobs in the national economy Plaintiff could perform and thus he was not disabled. (R. 1860-61.)

### III. Analysis

#### A. Legal Standard

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, – U.S. –, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. The Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination. Rather, this court asks whether the ALJ's decision reflects an adequate logical bridge from the evidence to the conclusions." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022) (citations and quotations omitted). The claimant has the burden of proof at steps one through four of the five-step sequential process for determining disability. *See Mandrell v. Kijakazi*, 25 F.4th 514, 516 (7th Cir. 2022). At Step Five, the burden of proof shifts to the Commissioner of Social Security to show that the claimant can adjust to other work existing in "a

3

significant number of jobs…in the national economy." *See Brace v. Saul*, 970 F.3d 818, 820 (7th Cir. 2020). Plaintiff's appeal is limited to the ALJ's determination of his RFC with regards to his mental impairments; Plaintiff makes no arguments concerning the ALJ's determination of his physical RFC.

      **B.    The Mental RFC is Not Supported by Substantial Evidence.**

Plaintiff first argues that the ALJ's consideration of his mental abilities and limitations was deficient because the RFC only allows him to have superficial interaction with supervisors and yet, the VE testified that more than superficial interaction would be required during the probationary period for many of the jobs for which Plaintiff was qualified. (Pl. Mem. at 3.) Moreover, the VE explained, if Plaintiff was unable to tolerate more than superficial interaction with supervisors during a probationary period, then few or no jobs would exist that matched Plaintiff's RFC. (R. 1885.) Elsewhere in his decision, the ALJ wrote that despite the limitations in the RFC, he found Plaintiff able to tolerate more than superficial interactions with supervisors during a probationary period because the evidence showed that Plaintiff attended medical appointments lasting from 15 to 55 minutes. (R. 1860.) We disagree that the ability to attend medical appointments is substantial evidence that Plaintiff can hold a job that requires him to engage in more than incidental supervisor interaction during a probationary period, and thus must remand the case.

The Commissioner argues that Plaintiff's longitudinal medical record contains treatment notes describing him as "cooperative," that Plaintiff stated he spent time with family and friends, and that he was able to testify in a calm manner at the hearing, all of which the Commissioner says is evidence to support a finding that Plaintiff was also able to interact with supervisors on more than a superficial basis during a probationary period. However, the cited evidence relates to

whether there is substantial evidence *to support the RFC*. The problem is that the ability to have more than superficial interaction with supervisors during a probationary period – which the VE testified is a necessary requirement for all jobs Plaintiff is qualified to perform – is not in the RFC. The Commissioner characterizes a probationary period as "short," but that is not an adjective used by the VE or found elsewhere in the record. Moreover, the Commissioner offers no evidence to define what a "short" period may be. For an individual unable to tolerate more than superficial interactions with supervisors, a probationary period of two weeks might be too much. That is, while the RFC limits Plaintiff to only superficial interactions with supervisors, the record did not include VE testimony establishing that there are jobs available that **never** have more than such superficial interaction.

      The ALJ's sole justification for finding Plaintiff was able to tolerate more than superficial interaction with supervisors during a probationary period – that he could attend 15-to 55 minute medical appointments – does not amount to substantial evidence. Importantly, the ALJ specifically found that Plaintiff's inability to interact with supervisors was so severe that he put the "only superficial interaction" requirement into the RFC without any limitations. The ALJ does not explain how a departure from that requirement – allowing for enhanced interactions with supervisors during a probationary period – can be inferred from Plaintiff's ability to attend medical appointments. As Plaintiff points out, and we agree, there is a significant difference between being able to speak with a medical practitioner about symptoms and treatment, and accepting direction, instruction, and possibly criticism from a supervisor, particularly with respect to new tasks at a new job. *See, e.g., Alexis G. v. Saul*, No. 1:20CV143, 2021 WL 870813, at *11 (N.D. Ind. Mar. 9, 2021) (ALJ failed to explain how being polite and cooperative during brief medical appointments undermined reports and opinions of Plaintiff's difficulties interacting with supervisors in the work

5

setting; moreover, ability to attend AA meetings did not translate into ability to interact more than superficially with supervisors.)

This is not a situation in which Plaintiff's ability to attend medical appointments is evidence that his ability to interact with others is not as severe as he contends; the ALJ has already found that Plaintiff's ability is severely impacted by his mental health issues. The ALJ's after-the-fact comment that, despite the limitations in the RFC, Plaintiff could also have more than superficial interactions with supervisors at certain times is in contradiction of the RFC, which by definition "is the most an individual can work despite his or her limitations or restrictions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). The ALJ's assertion that Plaintiff could sometimes perform beyond the limitations of his RFC is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (R. 17) is granted, and Defendant's motion (R. 24) is denied.

**ENTER:**

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: January 22, 2024**